Filed 3/3/26  P. v. Candler CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARK ANTHONY CANDLER,<br><br>        Defendant and Appellant. | A171363<br><br>(Alameda County<br>Super. Ct. No. 159964A) |

A jury convicted Mark Anthony Candler and his co-defendant of attempted murder and other crimes.  Later, Candler petitioned for resentencing as to his attempted murder conviction under Penal Code section 1172.6.[1]  The trial court denied his petition, finding him ineligible for relief as a matter of law, and Candler appealed.  We shall affirm.

## I.  BACKGROUND[2]

### A.    *Candler Is Convicted of Attempted Murder*

An associate of Candler's who belonged to a gang had a confrontation with a member of a rival gang.  Later that day, Candler and his co-defendant

---

[1] Undesignated statutory references are to the Penal Code.

[2] Our recitation of the underlying facts is based on our prior opinion affirming Candler's and his co-defendant's convictions. (*People v. Thomas* (May 22, 2012, A130350, A130494) [nonpub. opn.]).  However, in resolving this appeal, we rely on our independent review of the record of conviction, not

went to the rival's location in two separate vehicles, each with a firearm. Many shots were fired, and the rival gang member was injured by the gunfire. Shell casings from two different weapons littered the scene and local homes were "pock-marked," but no witnesses would speak to the police at the time. Two years later, witnesses including the victim identified Candler and his co-defendant as the shooters.

Candler and his co-defendant were charged with attempted murder (§§ 187, subd. (a), 664) and other crimes. The attempted murder charges were accompanied by allegations that each defendant acted in association with a gang (§ 186.22, subd. (b)(1)) and personally discharged a firearm causing great bodily injury (§§ 12022.7, subd. (a), 12022.53, subds. (b), (c), & (d), 12022.5, subd. (a)). After a joint trial, the jury found each defendant guilty and found the enhancement allegations true. Candler was sentenced to 44 years to life in prison for attempted murder, plus concurrent and consecutive terms for other crimes.

## B.    *Petition for Resentencing*

Candler filed a petition for resentencing under section 1172.6 and the trial court appointed counsel to represent him. The parties submitted briefing and, after a hearing, the court found Candler failed to make a prima facie showing and denied his petition. The court reasoned that section 1172.6 only applied to attempted murder convictions "under the natural and probable consequences doctrine," which the jury had not considered in Candler's case.

---

the factual background in our prior opinion. (See *People v. Williams* (2022) 86 Cal.App.5th 1244, 1247, fn. 3.)

## II. DISCUSSION

### A. *Relief Under Section 1172.6 for Attempted Murder Convictions*

At the time of Candler's trial, a defendant could be liable for attempted murder for aiding and abetting a crime of which attempted murder was a natural and probable consequence. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 336.) "Under the law at that time, it was not necessary to prove that the defendant intended that the attempted murder be committed or even . . . foresaw that attempted murder could result." (*Ibid.*)

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) ended this form of liability for both murder and attempted murder by amending section 188 to provide that " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*); *People v. Sanchez* (2022) 75 Cal.App.5th 191, 196.) The legislation created a procedure (then embodied in section 1170.95) for those convicted of murder under the natural and probable consequences doctrine to seek relief. (*Curiel, supra,* 15 Cal.5th at p. 449.) Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551) clarified and amended the statute, extending it to those convicted of attempted murder under the natural and probable consequences doctrine (§ 1172.6, subd. (a)(1)). (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3 [former section 1170.95 was renumbered to section 1172.6].)

The statutory procedure "begins with a facially valid petition that entitles petitioner to counsel, continues with asking whether petitioner has made a prima facie case for relief, and, if so, proceeds to an evidentiary hearing on the ultimate question of whether petitioner should be resentenced." (*People v. Patton* (2025) 17 Cal.5th 549, 562 (*Patton*).) If a

3

petitioner "fails, at the second step, to make a prima facie showing, then the court denies the petition and provides no relief."  (*Ibid.*; § 1172.6, subd. (c).)

## B.    *Prima Facie Determination*

As relevant here, a petitioner is eligible to seek resentencing "when all of the following conditions apply:" (1) a charging document "allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine" (2) the defendant was convicted of attempted murder after trial, and (3) the defendant "could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

A petition fails at the prima facie stage where "the record of conviction 'establish[es] conclusively that the defendant is ineligible for relief.' "  (*Curiel, supra*, 15 Cal.5th at p. 470.)  That record "includes documents from the petitioner's jury trial like the jury instructions and verdict forms" (*People v. Gallardo* (2024) 105 Cal.App.5th 296, 301), as well as "the factual findings" the verdicts "necessarily reflect" (*Curiel, supra*, 15 Cal.5th at p. 465).  For "individuals convicted following jury trials, the jury instructions [are] critical."  (*People v. Antonelli* (2025) 17 Cal.5th 719, 731.)  If the "jury instructions foreclose th[e] possibility" that the petitioner is entitled to relief "*as a matter of law*," a prima facie case is not established.  (*Curiel, supra*, 15 Cal.5th at p. 470.)

"We 'review de novo whether the trial court conducted a proper [prima facie] inquiry under section 1172.6, subdivision (c).' " (*People v. Miller* (2025) 112 Cal.App.5th 508, 515.)  "[A]t this preliminary juncture," we do not "engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)  On the other hand,

"speculative possibilities" do not create "[a] dispute regarding the basis of a conviction" that warrants a hearing. (*Patton, supra*, 17 Cal.5th at p. 567.)

## C.     *Analysis*

As the trial court observed, section 1172.6 by its terms applies to murder convictions under any theory by which "malice is imputed to a person based" on their "participation in a crime," but only to "attempted murder [convictions] under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1).) Case authorities confirm the statute means what it says: convictions based on the natural and probable consequences doctrine are the only attempted murder convictions for which relief is available. (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 276 (*Muhammad*) ["with respect to attempted murder, section 1172.6 affords relief only to a person convicted under the natural and probable consequences doctrine"]; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457 [same holding]; *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865 [same holding]; *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*) [same holding].)

Candler does not claim he was convicted based on the natural and probable consequences doctrine, but urges that section 1172.6 also applies to attempted murder convictions based on *any* other theory of imputed malice—and would violate equal protection if it did not. Accepting these propositions for the sake of argument, and assuming there was some other theory of imputed malice that might have supported an attempted murder conviction under prior law, the record is clear that Candler was not convicted on such a theory. The verdict reflects the jury's express finding that Candler personally acted "with malice aforethought" in committing attempted murder. And such a finding was required by the jury instructions, which provided Candler could be guilty of attempted murder in two ways: either "directly" or by "aid[ing]

5

and abett[ing] a perpetrator, who directly committed the crime." (CALCRIM No. 400.)

To find Candler or his co-defendant directly perpetrated attempted murder, the jury had to find either or both defendants (1) "took direct but ineffective steps" to kill the victim and (2) specifically "intended to kill" him. (CALCRIM No. 600.) Since the jury found that both Candler and his co-defendant "personally and intentionally discharged a firearm" that injured the victim, they likely found both were direct perpetrators. (See *People v. Morales* (2024) 102 Cal.App.5th 1120, 1131–1132 [special circumstance finding established that jury convicted defendant as the direct perpetrator of attempted murder]; *Muhammad*, *supra*, 107 Cal.App.5th at pp. 279–280 [while not dispositive on the record at issue, defendant's admission that "he personally inflicted great bodily injury on the victim" tended to show he was convicted as a direct perpetrator of attempted murder].)

Even if we assume Candler was convicted on an aiding and abetting theory, the jury was instructed it must find he "knew that the perpetrator intended to commit the crime" of attempted murder, "intended to aid and abet the perpetrator in committing the crime," and provided such assistance in fact. (CALCRIM No. 401.) Again, the attempted murder instruction required a finding that the perpetrator acted with specific "inten[t] to kill" the victim. (CALCRIM No. 600.) Thus, to find him guilty as an aider and abettor, the jury had to have found that Candler knew his codefendant intended to kill the victim and intentionally aided him with knowledge of his unlawful purpose—"the very definition of express malice." (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1191 (*Lee*) [aiding and abetting instructions required jury to find the defendant harbored intent to kill].) This theory of "[d]irect aiding and abetting remains a valid theory of attempted murder,"

and a defendant convicted on this theory is ineligible for relief under section 1172.6. (*Coley, supra*, 77 Cal.App.5th at p. 548; accord *Lee, supra*, 95 Cal.App.5th at pp. 1190–1191; *People v. Ramos* (2024) 103 Cal.App.5th 460, 465 [defendant who "admitted he 'aided/abetted [an attempted murder], with the specific intent to kill' " was ineligible for resentencing relief]; cf. *Curiel, supra*, 15 Cal.5th at pp. 467–468 [petition improperly denied at prima facie stage where jury did not "necessarily find the requisite mens rea for direct aiding and abetting liability"].)

Candler cites *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*) and *People v. Maldonado* (2023) 87 Cal.App.5th 1257 to show the jury instructions did not require a finding he intended to kill. But as more apposite authorities have explained, those cases involved "instructions for aiding and abetting second degree implied malice murder and first degree lying-in-wait murder," theories under which "the direct perpetrator . . . need not harbor an intent to kill." (*Lee, supra,* 95 Cal.App.5th at p. 1191.) That concern is not present here, where the instructions required findings that the perpetrator had the specific intent to kill and the aider and abettor knew of and intended to aid this purpose. (See *ibid.*; *Coley*, *supra,* 77 Cal.App.5th at p. 547 ["*Langi* does not apply because that case involves *implied* malice. Here, . . . appellant's conviction for attempted murder demonstrates that he was convicted of second degree murder with express rather than implied malice"].)

## III. DISPOSITION

The trial court's order denying Candler's section 1172.6 petition is affirmed.

_____
SMILEY, J.

WE CONCUR:


_____
HUMES, P. J.


_____
LANGHORNE WILSON, J.

*People v. Candler* / (A171363)

8